UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| IN RE PENNEAST PIPELINE COMPANY, LLC | : : : : : | First Filed Applicable Civ. A. No. 18-1597 (See Ex. A for Applicable Case Nos.) **ORDER** |

**THIS MATTER** is opened to the Court by the State Defendants'[1] Motion to Stay the Court's December 14, 2018 Order pending a decision on appeal. The Court has reviewed the parties' motion and papers submitted in connection therewith and decides the motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b).

When considering a stay application, district courts consider the following four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Didon v. Castillo*, 838 F.3d 313, 319 n.12 (3rd Cir. 2016).

**IT APPEARING THAT**:

1. The State Defendants filed Notices of Appeal to the Third Circuit Court of Appeals on January 11, 2019.

2. The State Defendants argue their Motions for a Stay should be granted because: (a) New Jersey is immune from suit under Eleventh Amendment sovereign immunity principles and this Court lacked jurisdiction to adjudicate New Jersey's real property interests and issue an injunction against the State with respect to those properties; (b) the Court overlooked Supreme Court precedent; and (c) without a stay, the State Defendants and

the environmentally sensitive lands protected by the New Jersey's tax-supported open space and farmland preservation programs will be irreparably harmed. (Br. 1-2.)

3. Many of the State Defendants' arguments have been previously addressed and denied by this Court.

4. For example, in its December 14, 2018 Order and Opinion, the Court rejected the State Defendants' arguments regarding the Eleventh Amendment and irreparable harm, and on January 23, 2019, the Court denied the State Defendants' Motion for Reconsideration and for a Stay Pending Reconsideration, finding that the Court did not overlook *Blatchford v. Native Village of Noatak*, 501 U.S. 775 (1991).

5. To the extent the State Defendants raise new arguments related to its motion for a stay, separate and apart from its prior briefings opposing PennEast's injunctive relief and the Court's granting of same, the Court finds the State Defendants have not met their burden of establishing a stay is warranted.

Accordingly, for the reasons set forth above and for good cause appearing,

**IT IS** on this 19th day of February 2019,

**ORDERED** that the State Defendants' Motion for a Stay Pending Appeal is **DENIED**.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

---

[5] The State Defendants concede the Supreme Court dismissed the *Blatchford* respondents' delegation theory "as beyond what Congress could have contemplated when it enacted 28 U.S.C. § 1362." (Br. 6.)